**UNITED STATES of America ex rel. Robert WATSON**

v.

**COMMONWEALTH OF PENNSYLVANIA.**

**No. 68–1943.**

United States District Court
E. D. Pennsylvania.

Sept. 24, 1968.

---

11. The evidence shows $1,680 unpaid wages due plaintiff's son, Dan Kegel, and other labor amounting to approximately $900.

---

Robert Watson, pro se.

No appearance for defendant.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Robert Watson is back again. He was here before on a petition for a writ of habeas corpus in which his contention was that time served as a result of a constitutionally invalid conviction should be credited against a later untainted conviction for a different crime. I rejected the idea that if one served, e. g., ten years under an invalid conviction and sentence, he was, *ipso facto*, entitled to commit some lesser crimes without punishment because of his previous invalid imprisonment. United States ex rel. Watson v. Commonwealth et al., 260 F. Supp. 474 (E.D.Pa., 1966), and see United States ex rel. Smith v. Rundle, 285 F.Supp. 965 (E.D.Pa., 1968).

Watson is here this time with a purported Civil Rights action under 42 U.S.C.A. § 1983. However, he seeks no damages. He asks only for an injunction against his continued restraint,—in other words, his freedom. Habeas corpus, and not a Civil Rights action, is the only appropriate method for obtaining the relief sought. Bennett v. Allen et al., 396 F.2d 788 (C.A.9, 1968).

Treating this complaint as a petition for habeas corpus, see Bennett v. Allen et al. supra, I will dismiss it without hearing because it is not on forms made mandatory by our Local Rule 37.

In what I think is an excess of caution, I turn to this complaint as one under the Civil Rights Act, 42 U.S.C.A. § 1983. Plaintiff sues only the Commonwealth of Pennsylvania. That defendant is not a "person" within the meaning of that section. Sutton v. City of Philadelphia et al., 286 F.Supp. 143 (S.D.N.Y., 1968), and cf. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Plaintiff does not allege diverse citizenship. Hence, lacking a federal question or diversity, I am obligated *mea sponte* to note lack of subject-matter jurisdiction. Cf. Hospoder v. United States, 209 F.2d 427, 429 (C.A.3, 1953). The Constitution demands dismissal of the action.

I am not unmindful of Urbano v. Callissi, 353 F.2d 196 (C.A.3, 1965). That suit was not against a governmental entity. It did not present, as here, a clearly defined subject-matter jurisdictional question and here "the views of the contending parties * * * on the jurisdictional question" ibid. p. 197, are not required.

I therefore enter the following

## ORDER

And now, this 24th day of September 1968, it is ordered that leave to proceed *in forma pauperis* is granted and the action is dismissed with prejudice.