**Gene GODWIN, Plaintiff,**

v.

**H. C. WILLIAMS and Lowell Sharp, Defendants.**

**No. CA-2-512.**

United States District Court
N. D. Texas,
Amarillo Division.

Dec. 5, 1968.

Kenneth W. Gentry, Amarillo, Tex., for plaintiff.

Earnest L. Langley and Thomas L. Burdett, Witherspoon, Aikin, Thomas & Langley, Hereford, Tex., for defendant Williams.

Joe Harlan, Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Tex., for defendant Sharp.

## MEMORANDUM OPINION

WOODWARD, District Judge.

Complainant, Gene Godwin, filed his complaint against H. C. Williams, County Judge of Deaf Smith County, Texas, and Lowell Sharp, Sheriff of Deaf Smith County, Texas, as Defendants, alleging violations of his civil rights and a malicious conspiracy to deprive plaintiff of

his civil rights under the Fourteenth Amendment to the Constitution of the United States, Section 1, and under the Act of April 20, 1871, Chapter 22, Sections 1 and 2, under the Act of May 31, 1870, Chapter 114, Section 16, under the Acts of July 31, 1861, Chapter 33, and of April 20, 1871, Chapter 22, Section 2.

Briefly, the allegations state that the defendants, and others unknown to plaintiff, entered into a willful and malicious conspiracy to deprive plaintiff of his civil rights. It further alleges that in furtherance of such conspiracy, the Defendant Williams did, without any actual authority, and without jurisdiction, issue a warrant for the arrest of the plaintiff, and the Defendant Sharp did place the plaintiff under arrest at about 4:00 p. m. in the afternoon on the date of August 26, 1965. The allegations continue to the effect that plaintiff was placed under a peace bond of $20,000.00, without explanation or proper warnings, and that all such acts constituted denial of his rights as a citizen of the United States and of the State of Texas, and that the resulting slander and libel injured his credit and reputation to his damage in the sum of $225,000.00

The Defendant Williams, as County Judge, filed a motion to dismiss, which the Defendant Sharp, as the County Sheriff, joined, stating in his grounds for said motion that (1) the complaint failed to state a claim upon which relief could be granted, (2) that this Court had no jurisdiction, (3) that the complaint did not show on its face that the action is one arising under the Constitution or laws of the United States, and (4) that such action should be dismissed because of the immunity afforded the defendants as County Judge and County Sheriff of Deaf Smith County, Texas, respectively.

On the 22nd day of November, 1968, a hearing was held in open Court and all parties were represented by counsel at said hearing. Defendants introduced as exhibits in evidence at such hearing: (1) the affidavit for a peace bond against the Plaintiff, Gene Godwin, sworn and subscribed to by J. C. Mills and J. T. Tice; (2) the Order of the Defendant Williams as County Judge to the Sheriff or any Constable of Deaf Smith County, Texas, commanding such officer to bring Gene Godwin before said County Court; (3) an Order signed by the Defendant Williams as County Judge setting the peace bond at $20,000.00 against the said Gene Godwin and ordering the sheriff to commit Godwin to jail upon failure to give such bond; and (4) a carbon copy of a Petition filed by Mrs. D. E. Milton, Plaintiff, against Jim Line, Sheriff of Potter County, Texas, which was filed in the Amarillo Division of the United States District Court of the Northern District of Texas. This Petition has nothing to do with this particular case, but was introduced in order to support defendants' position and contentions as to the laws applicable in this case.

This Court is of the opinion that the motions should be granted and the complaint dismissed with prejudice and in favor of both of the defendants.

It is clear from the specific allegations of the complaint, and the evidence introduced at the hearing, that the acts complained of as to the Defendant Williams were acts done and performed by him in his capacity as County Judge of Deaf Smith County, Texas, and as a judicial function. Further, it appears that the acts complained of as to the Defendant Sharp were acts that he performed in his capacity as Sheriff of Deaf Smith County, Texas, and in the performance of his duty under the orders of the County Judge of that county. The Defendant Sharp, as Sheriff, was not only acting officially as Sheriff, but he was in effect an instrumentality of the County Court in carrying out the judicial functions and orders of that County Court.

The County Judge has an immunity in this case that prevents any cause of action by the plaintiff here. Further, this immunity would, in this particular case, apply to the Defendant Sharp, as Sheriff, because he was an arm of the County Court in carrying out the judicial functions of that Court as well

as acting in his capacity as Sheriff. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288, is the most recent authority in support of this. In that particular case the allegations were for damages because of liability of local police officers and judges under Section 1 of the Civil Rights Act of 1871, now 42 U.S.C. Section 1983. The Court held:

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in Bradley v. Fisher, 13 Wall. 335 [20 L.Ed. 646] (1872). This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' "

And later in the opinion concerning the police officer, the Court held:

"A policeman's lot is not so unhappy that he must choose between being charged with dereliction of duty if he does not arrest when he has probable cause, and being mulcted in damages if he does."

Defendants' Exhibit 4, at the hearing on this motion, is a complaint against the Sheriff of Potter County, Texas, alleging, among other things, a conspiracy by the defendant, and others, to deprive plaintiff of her privileges and immunities. The District Court for the Northern District of Texas dismissed the complaint for want of federal jurisdiction, and same was affirmed by the United States Court of Appeals for the Fifth Circuit in a per curiam decision, dated December 1, 1966, in Cause No. 22932 before that Court, 368 F.2d 574.

█ Obviously, the facts in this case fall squarely within the holding in the Pierson case and the Fifth Circuit deci-sion in the Milton v. Line case. The allegation that the conspiracy was willful and malicious does not prevent such motion from being granted, as Pierson holds that the immunity applies even when the judge is accused of acting maliciously and corruptly.