**Raymond MANN**

**v.**

**Charles SNYDER, Detective in and for the City of Philadelphia, Philadelphia Police Department, Philadelphia, Pennsylvania, and Joe Carcacci, Parole Officer, Montgomery County, Pennsylvania, and Thomas J. Jenkins, Justice of the Peace, Norristown, Pennsylvania, and Francis Nailen, Warden, Montgomery County Jail, Norristown, Pennsylvania.**

**Civ. A. No. 69–1346.**

United States District Court
E. D. Pennsylvania.

July 3, 1969.

Raymond Mann, pro se.
Charles Snyder, pro se.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an action by a State prisoner for damages and injunctive relief under 42 U.S.C. §§ 1983 and 1985. He alleges that the defendants entered into a conspiracy to deprive him of his civil rights in connection with his arrest and conviction on several charges in the Criminal Courts of Montgomery County. Presently before the Court is the plaintiff's petition for leave to proceed in forma pauperis.

■ The allegations of petitioner that the defendants conspired to deprive him of his constitutional rights are too broad and conclusory to support a cause of action under the Civil Rights Act and to thereby justify our granting him leave to proceed in forma pauperis. Williams v. Dunbar, 377 F.2d 505 (9th Cir.1967); Hoge v. Bolsinger, 311 F.2d 215 (3rd Cir.1962). This is especially true in this case where certain of the defendants enjoy at least a qualified immunity from liability under the Civil Rights Act. The defendant Jenkins, a Justice of the Peace, is immune from liability for acts performed in his official capacity. Fanale v. Sheehy, 385 F.2d 866 (2nd Cir.1967); Stift v. Lynch, 267 F.2d 237 (7th Cir.1959); Fraley v. Ramey, 239 F.Supp. 993 (S.D.W.Va. 1965). The defendant Nailen, a prison warden, is immune from liability for merely asserting custody over a prisoner pursuant to a valid commitment order. Lumberman's Mutual Casualty Company v. Rhodes, 403 F.2d 2 (10th Cir.1968); Ambrek v. Clark, 287 F.Supp. 208 (E.D. Pa.1968); Williams v. Craven, 273 F. Supp. 649 (C.D.Cal.1967); Delaney v. Shobe, 235 F.Supp. 662 (D.C.Or.1964). The defendant Carcacci, a parole officer, is generally immune from liability for a delegated discretionary act performed within his official capacity. Richardson v. Rivers, 118 U.S.App.D.C. 333, 335 F. 2d 996 (1964); Simmons v. Pennsylvania State Board of Parole, 45 F.R.D. 127 (E.D.Pa.1968); Friedman v. Younger, 282 F.Supp. 710 (C.D.Cal.1968); Belveal v. Bray, 253 F.Supp. 606 (D.C. Colo.1966).

In addition, in seeking injunctive relief against his continued restraint, petitioner is applying to this Court for a writ of habeas corpus. There is nothing to indicate that petitioner has exhausted his State remedies as required by 28 U. S.C. § 2254, nor has there been compliance with Local Rule 37. Watson v. Commonwealth of Pennsylvania, 289 F. Supp. 797 (E.D.Pa.1968); Baker v. McGinnis, 286 F.Supp. 280 (S.D.N.Y. 1968); Martin v. Roach, 280 F.Supp. 480 (S.D.N.Y.1968); Greene v. State of New York, 281 F.Supp. 579 (S.D.N.Y. 1967).

We are not unmindful of the recent decisions of the Court of Appeals for the Third Circuit that in *pro se* cases leave to proceed in forma pauperis should be granted except in "extreme circumstances" where the complaint is plainly lacking in merit. Lockhart v. D'Urso, 408 F.2d 354 (3rd Cir.1969); Lawson v. Prasse, 411 F.2d 1203 (3rd Cir.1969), No. 17665, Opinion filed June 23, 1969; Davis v. Brierly, 412 F.2d 783 (3rd Cir. 1969), opinion filed June 24, 1969. However, for the reasons previously stated it would appear that the appropriate resolution of this petition at this time would be to deny leave to proceed in forma pauperis on the present complaint.

To the extent this is regarded as a petition for a writ of habeas corpus, there is no probable cause for an appeal.