**Arthur L. HAMRICK, Plaintiff,**

v.

**Mr. James Frank NORTON, Attorney,
Betty J. Just, Clerk, Defendants.**

**Civ. No. L–1185.**

United States District Court,
D. Kansas.

April 17, 1970.

Arthur L. Hamrick, pro se.

Kent Frizzell, Atty. Gen., Topeka, Kan., for respondents.

### ORDER DISMISSING ACTION AND PETITION

WESLEY E. BROWN, District Judge.

On March 26, 1970 Arthur L. Hamrick lodged with the Clerk of this Court a pleading captioned "Complaint for Actual and Punitive Damages with Immediate Release from Further Confinement." Accompanying the pleading is an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Hamrick asserts that this Court has jurisdiction of his claim under the provisions of 42 U.S.C. §§ 1983, 1985(3) et seq.; 28 U.S.C. § 2241, et seq.; and under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. He seeks damages of Three-Hundred and Fifty Thousand Dollars ($350,000) and his immediate release.

It appears that from the file Hamrick is presently incarcerated in the Kansas State Penitentiary at Lansing, Kansas under or by color of authority of the State of Kansas. He is serving a thirty (30) year sentence for the offense of second degree burglary of which he was convicted by a jury, and the sentence was imposed on April 12, 1968 by the District Court of Saline County, Kansas. His sentence was enhanced under K.S.A. § 21–107a, the Habitual Criminal Act.

Hamrick alleges that shortly after the verdict was rendered, a motion for a new trial was prepared, filed and overruled by his trial Court. He claims that a notice of appeal was then filed and sustained, with defendant Norton appointed to perfect such appeal. He states that on December 30, 1969 he wrote Clerk of the Supreme Court of Kansas in an effort to learn the status of his appeal, and the Clerk allegedly replied "this appeal has not reached this Court." He then concludes that defendant Betty J. Just through trickery, fraud and deceit deprived him of a meaningful appeal by failing to send a certified copy of the notice of appeal with proof of service and a certified copy of the journal entry of his conviction to the Clerk of the Supreme Court pursuant to K.S.A. § 62–1724. He further concludes that his court appointed counsel, defendant Norton, has made no effort to perfect his appeal in violation of Hamrick's Constitutional right to such an appeal.

Hamrick attaches to his pleading a hand copied letter allegedly sent to him by defendant Norton on May 7, 1969 in which Norton informed him that:

"I have been working carefully screening all of the evidence which was introduced in the trial of your case. My progress has been delayed because of the absence of your trial counsel plus some of your contentions which I do not find in the transcript, confirmation of which I have been searching for in other records.

"We are presently working on the record and brief and I will send you a copy as soon as they are prepared and filed. Should you have any additional questions please advise." [See "Exhibit Two".]

Hamrick attached as "Exhibit Three" a hand copy of a letter he says he wrote to Norton on May 9, 1969 wherein he expressed concern and disappointment in the delay in perfecting his appeal.

This Court has before it the file in the case of Hamrick v. Hoobler, Civil No. L–913, J. Theis (August 15, 1969). In the file is a letter from Judge Hoobler dated June 16, 1969 in which the Judge states:

"I have received your document captioned 'Motion For Transcript of Preliminary, and Jury Trial'. Transcript of the proceedings has been furnished to your court appointed lawyer, Frank C. Norton. He will no doubt make this transcript available to you. No additional transcript will be supplied without charge."

With respect to Hamrick's allegations that the defendants violated his Constitutional rights in violation of 42 U.S.C. § 1985(3), he does not allege, nor does it appear that any conspiracy between the defendants existed to deprive Hamrick of his right to appellate review of his conviction and sentence. See Jones v. Hopper, 410 F.2d 1323 (10th Cir. 1969). Hamrick is entitled to no relief under 42 U.S.C. § 1985(3).

The basic requirements of a complaint based upon 42 U.S.C. § 1983 are: (1) that the conduct complained of was engaged in under color of state law, and (2) that such conduct subjected the plaintiff to a deprivation of rights, privileges, or immunities secured by the Federal Constitution and laws. See Jones v. Hopper, *supra* at 1326. It is well settled that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all. However, when a state does provide for appellate review of criminal convictions, the Due Process and Equal Protection Clauses protect indigent persons from invidious discrimination. See

Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, rehearing denied, 351 U.S. 958, 76 S.Ct. 844, 100 L.Ed. 1480. Assuming that a notice of appeal was filed in Hamrick's case, and assuming that defendant Just failed to comply with K.S.A. § 62–1724 this Court concludes that such action does not amount to "invidious discrimination" which would arise to the dignity of a constitutional infraction and therefore be cognizable under 42 U.S.C. § 1983. Hamrick's allegations of trickery, fraud and deceit which he ascribes to defendant Just are conclusory in nature and are not factually supported to reveal discrimination of any type with respect to Hamrick's appeal. Furthermore, there are authorities which prescribe that clerks of court are immune from liability under 42 U.S.C. § 1983, for acts done in performance of their official duties. See Stewart v. Minnick, 409 F.2d 826 (9th Cir. 1969); Brown v. Dunne, 409 F.2d 341 (7th Cir. 1969); Rudnicki v. McCormack, D.C., 210 F.Supp. 905 (1962); app. dis., 372 U.S. 226, 83 S.Ct. 679, 9 L.Ed.2d 714; Pritt v. Johnson, D.C., 264 F.Supp. 167 (1967).

The suit against defendant Norton is likewise not cognizable under 42 U.S.C. § 1983. Private attorneys do not act under color of state law even though they may be appointed by the state, as was Norton. See Branch v. Steph, 389 F.2d 233 (10th Cir. 1968); Jackson v. Hader, D.C., 271 F.Supp. 990 (1967); Pritt v. Johnson, *supra.*

Finally, Hamrick seeks habeas corpus relief in the form of a "show cause order" requiring defendants to show cause why he should not be released from confinement. It is elemental that an application from a state prisoner for a writ of habeas corpus cannot be granted if the petitioner still has a right available under state remedies to raise the question presented. See 28 U.S.C. § 2254(b), (c). Hamrick does not allege nor does it appear that he has exhausted available state remedies concerning the delay in his appeal, or that such remedies are inadequate or ineffective. Under such circumstances his application for federal habeas relief must be denied.

It is ordered that Hamrick's application for leave to proceed in forma pauperis is hereby granted and the Clerk is directed to file the complaint previously lodged; that the action so filed be dismissed and all relief be denied; that the Clerk enter judgment accordingly; and that copies of this Order be sent to the parties herein named and a copy to Office of the Kansas Attorney General in Topeka, Kansas.