Joseph **UHLER**

v.

**COMMONWEALTH OF PENN-
SYLVANIA.**

**Civ. A. No. 69–2468.**

United States District Court,
E. D. Pennsylvania.

Nov. 24, 1970.

---

Joseph Uhler, pro se.

## MEMORANDUM AND ORDER

BODY, District Judge.

Petitioner seeks leave to proceed in forma pauperis. In his pro se complaint, petitioner, a state prisoner, requests this Court to issue "a writ of injunction directed to the court of Luzerne County * * * commanding said court to cease and desist all actions and functions as a court of law, until such time as the said court shall become rehabilitated, and ceases to barter justice for dollars."

■ This Court notes at the outset that this complaint lacks a specific jurisdictional allegation, as required by Fed.R.Civ.P. 8(a) (1). Petitioner has not stated under what statute he is proceeding. In his complaint petitioner does invoke the Constitution of the United States as a ground for his complaint and does allege facts which, if proven, would indicate a denial of constitutional rights. This is sufficient to satisfy the requirements of Fed.R.Civ.P. 8(a) (1). See Williams v. United States, 405 F.2d 951 (9th Cir. 1969); Beeler v. United States, 338 F.2d 687 (3d Cir. 1967); Farkas v. Texas Instrument, Inc., 375 F.2d 629 (5th Cir.), cert. denied, 389 U. S. 977, 88 S.Ct. 480, 19 L.Ed.2d 471 (1967). Petitioner appears to be proceeding under the Civil Rights Act, 42 U.S.C. § 1983.

■ Though petitioner requests this Court to issue an injunction against the Luzerne County Court, he has named the Commonwealth of Pennsylvania as defendant. The Commonwealth is not a "person" within the meaning of 42 U.S. C. § 1983 and is thus not subject to suit. United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969). Nor is the Luzerne County Court a "person" within the meaning of 42 U.S.C. § 1983. See Schackman v. Arnebergh, 258 F.Supp. 983 (C.D.Cal. 1966), appeal dismissed, 387 U.S. 427, 87 S.Ct. 1622 (1967). Accordingly, leave to proceed in forma pauperis must be denied.

To the extent that petitioner may be seeking a writ of habeas corpus, this Court notes that he has not complied with Local Rule 40, requiring such requests to be filed on the forms provided by this Court. Hence, we must dismiss without prejudice for lack of compliance with Local Rule 40. United States ex rel. Watson v. Commonwealth of Pennsylvania, 289 F.Supp. 797 (E.D. Pa.1968).