242 So.2d 882

**STATE of Louisiana ex rel. Jack P. F. GREMILLION**

v.

**John CIOLINO and Edward G. Koch.**

No. 51004.

Dec. 10, 1970.

PER CURIAM.

A rule nisi was directed to the respondent attorneys at law to show cause why they should not be held in contempt of this Court for having failed to file briefs and appear for argument on behalf of their clients, which failure constituted interference with the orderly administration of justice and impairment of the dignity of this Court and respect for its authority.

The respondent attorneys were appointed to represent two defendants who were tried for murder, found guilty, and sentenced to death. An appeal was taken to this Court on behalf of respondents' clients, but after notice of the lodging, the docketing of the case for hearing, and the date assigned for the hearing, they failed to either file a brief or make an appearance at the hearing. No notice was given to this Court before the date of hearing that representation would not be made by respondents for their clients or that a continuance would be required. Since this Court does not proceed

with a hearing of an appeal in a capital case without representation of an appellant, it was forced, on its own motion, to continue the case. As a result, the orderly processing of the Court's docket was impaired.

Prior to the return date fixed for the trial of this rule, one of the respondents, John Ciolino, appeared by way of answer and admitted his dereliction of duty, averring that his omissions were not committed willfully. He further declared that he is "deeply contrite and herewith apologizes to this Honorable Court and particularly to each Justice hereof", asserting that inadvertences on his part will be avoided in the future.

Due consideration being given to Mr. Ciolino's admission of the charges, his contrition and apology, thus purging himself of the conduct complained of, the Court, in lieu of the imposition of the usual penalty for contempt, but with notice of its intention to be more exacting in the future, reprimands this respondent for the conduct which we have found has impeded the orderly administration of justice, reflecting adversely upon the dignity of the Court and the respect for its authority required of the members of the Bar.

HAMLIN, J., is of the opinion that John Ciolino has purged himself of contempt and the rule against him should be dismissed without a reprimand.

BARHAM and TATE, JJ., are of the opinion that the showing made exonerates the attorney-respondent Ciolino of behavior constituting contempt.

In Re: Edward G. Koch

PER CURIAM.

A rule nisi was directed to the respondent attorneys at law to show cause why they should not be held in contempt of this Court for having failed to file briefs and appear for argument on behalf of their clients, which failure constituted interference with the orderly administration of justice and impairment of the dignity of this Court and respect for its authority.

The respondent attorneys were appointed to represent two defendants who were tried for murder, found guilty, and sentenced to death. An appeal was taken to this Court on behalf of respondents' clients, but after notice of the lodging, the docketing of the case for hearing, and the date assigned for the hearing, they failed to either file a brief or make an appearance at the hearing. No notice was given to this Court before the date of hearing that representation would not be made by respondents for their clients or that a continuance would be required. Since this

Court does not proceed with a hearing of an appeal in a capital case without representation of an appellant, it was forced, on its own motion, to continue the case. As a result, the orderly processing of the Court's docket was impaired.

On the return date fixed for the trial of this rule, one of the respondents, Edward G. Koch, appeared and in open court admitted his dereliction of duty, averring that his actions were not intended to show disrespect for this Court or to obstruct the orderly administration of justice. He further declared in his written answer that he realizes "the seriousness of his omissions * * * and apologizes to this Honorable Court and to each member hereof", asserting that any inadvertence deemed to have occurred will be avoided in the future.

Due consideration being given to Mr. Koch's admission of the charges, his contrition and apology, thus purging himself of the conduct complained of, the Court, in lieu of the imposition of the usual penalty for contempt, but with notice of its intention to be more exacting in the future, reprimands this respondent for the conduct which we have found has impeded the orderly administration of justice, reflecting adversely upon the dignity of the Court and the respect for its authority required of the members of the Bar.