**Burl MULLINS, Appellant,**

v.

**Harvey OAKLEY, Appellee.**

**No. 14585.**

United States Court of Appeals, Fourth Circuit.

Feb. 24, 1971.

Peter W. Hendricks, for appellant.

Robert H. Burford, Huntington, W. Va., for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

The plaintiff brought this suit under 42 U.S.C.A. § 1983 alleging various actions by the defendant while acting under color of his office as judge of the Seventh Judicial Circuit of the state of West Virginia. The District Court considered affidavits accompanying the pleadings and dismissed the case on a motion for Summary Judgment made under Rule 56(e). We conclude that the District Court was correct and affirm.

Although there is some dispute as to the actual chain of events, the legal conclusion is unaltered by the choice of any particular view. The incident occurred in the courthouse while court was in session. The plaintiff claims that the defendant sent his bailiff into the courtroom, where the plaintiff was seated, with instructions to forcibly return him

to the judge's chambers, and that, upon arrival, the defendant addressed to the plaintiff offensive and slanderous language. The defendant's affidavits deny both the forceful persuasion by the bailiff and the vile and slanderous nature of discussion. The two parties were alone in the judge's chambers so there were no other witnesses. There is no doubt, however, that the defendant, as judge in that court, had been led to believe that juries were being improperly influenced and that the plaintiff was possibly involved. The meeting and alleged slanderous utterances were addressed to this subject. Therefore, even accepting the plaintiff's version of the facts, the judge was acting within his authority to protect the sanctity and dignity of the courtroom proceedings for which he was responsible.

The law has been settled for centuries that a judge may not be attacked for exercising his judicial authority, even if done improperly. Such an immunity is necessary to prevent intimidation and assure the independence of our judges. This principle was most recently reaffirmed by the Supreme Court in Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288. Thus, we hold that the District Court was correct in dismissing the action.

Affirmed.