**John Paul McNAMARA**

v.

**Detective HAWKS (Melbourne Florida Police Department) and Dade County State Attorney.**

**No. 72-1752-Civ.**

United States District Court,
S. D. Florida.

Feb. 13, 1973.

John Paul McNamara, pro se.

Storms, Pappas & Krasny, P. A., Melbourne, Fla., for defendant Arless Houck (designated as "Detective Hawks").

Jon I. Gordon, Asst. County Atty., Miami, Fla., for Dade County State Atty.

MEHRTENS, District Judge.

This cause came on to be heard upon the motions of defendant Arless Houck (designated as "Detective Hawks" in the style and in many pleadings of this case) to Dismiss and for Summary Judgment, of defendant Richard Gerstein to Dismiss plaintiff's Amended Complaint and/or for Summary Judgment, and of plaintiff John Paul McNamara to Strike, to postpone ruling on defendant Gerstein's Motion to Dismiss, and to Produce Documents. The Court, having thoroughly reviewed the court file, the pleadings and the extensive memoranda of law submitted, and being otherwise fully advised in the premises, finds that the complaint and the amended complaint, when viewed in a light most favorable to the plaintiff, fail to state a claim upon which judgment for money damages can be recovered against either of the named defendants herein.

This action is brought pursuant to 42 U.S.C. § 1983. The plaintiff, at present, is incarcerated in the Florida State Penitentiary after having been convicted in Dade County of grand larceny. The gravamen of the complaint is that the State Attorney and Detective Arless Houck allegedly entered into a conspiracy, the object of which was to avert the

latter from testifying at the criminal trial in favor of the present plaintiff. The allegations in both the original complaint and the amended complaint clearly reveal that plaintiff was fully aware of defendant Houck and whatever favorable testimony he could render on behalf of the plaintiff at trial. It does not appear, however, nor is it alleged that defendant Houck had been subpoenaed by plaintiff or his trial attorney to testify at plaintiff's trial, and it neither appears nor is it alleged that plaintiff or his trial attorney sought to depose defendant Houck pursuant to Section 3.-220(f) of the Florida Rules of Criminal Procedure, 33 F.S.A. Further, it does not appear from the pleadings in this cause that defendant Houck was even aware that plaintiff was arrested, tried or convicted on the charge of grand larceny.

With regard to defendant Gerstein, the State Attorney is not alleged in the pleadings to have concealed the existence or the whereabouts of defendant Houck or to have frustrated, thwarted or impaired any efforts of the plaintiff or his attorney to secure Houck as their witness. The pleadings merely allege that defendant Gerstein elected not to call Houck as a witness and that as a result, plaintiff's civil rights were impaired. The plaintiff further alleges that his civil rights were impaired due to the election of the prosecutor to call a witness to testify who, in the opinion of the plaintiff, knew less about the offense charged than did Detective Houck. Finally, plaintiff alleges that the prosecutor made unfair remarks to the jury suggesting plaintiff's guilt.

■■ The office of the State Attorney is created by statute with the defined duties to prosecute or defend on behalf of the state all suits, applications or motions, civil or criminal, in which the state is a party. See F.S. § 27.02 (1971), § 32.01 (1971), F.S.A., Article V, § 9B of the Constitution of the State of Florida (1968), F.S.A. Defendant Gerstein is the duly elected State Attorney in and for the Eleventh Judicial Circuit of Dade County. As such, he enjoys official immunity from damage claims arising out of acts directed by him *within the scope of his jurisdiction.* Madison v. Gerstein, 440 F.2d 338 (5th Cir. 1971). The court stated in Madison v. Gerstein, *supra*:

> "Such doctrine is not for the benefit of the defendant, but for the benefit of the public whose interests it is that quasi judicial officers should be at liberty to exercise their functions with independence and without fear of consequence." *Id.* at 340.

■■ The immunity of prosecutors is derived from and is analogous to that immunity enjoyed by judicial officials. Bauers v. Heisel, 361 F.2d 581 (3rd Cir. 1966), cert. denied, 386 U.S. 1021, 87 S. Ct. 1367, 18 L.Ed.2d 457 (1967); Gabbard v. Rose, 359 F.2d 182 (6th Cir. 1966). Accordingly, the plaintiff must allege and prove that the prosecuting attorney acted clearly outside of his jurisdiction. Kauffman v. Moss, 420 F.2d 1270 (3rd Cir. 1970), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); Bauers v. Heisel, *supra.* The immunity exists despite the alleged improper use of such authority·so long as the alleged wrongful acts were conducted within the apparent jurisdiction. *See* Mullins v. Oakley, 437 F.2d 1217 (4th Cir. 1971; Godwin v. Williams, 293 F. Supp. 770 (D.C.Tex.1968).

■ Paragraphs 5 of the complaint and the amended complaint alleged that the wrongful acts committed by the State Attorney or his representative were "in connection with the performance of their duties as related to the Plaintiff. . . ." In addition in plaintiff's "Statement of the Case," it appears that the plaintiff is complaining because Detective Houck was not called on behalf of the state to prove the innocence of the plaintiff. It was the duty of the plaintiff and his attorney to present plaintiff's case at trial, not that of the State Attorney. By the plaintiff's own allegations, he was aware of Detective Houck and whatever favorable

testimony that individual could render in his behalf at the prior criminal proceeding; and it was his obligation, not that of the State Attorney, to call Detective Houck as a witness if he so desired. Harris v. State, 167 So.2d 312 (3rd D. C.A.Fla.1964). Unless the State Attorney's office or defendant Gerstein frustrated the present plaintiff's efforts to secure defendant Houck as a witness at trial, they did not suppress evidence which was already known to the plaintiff. To hold otherwise would enable any defendant in a criminal matter to intentionally fail to call a witness who may possess information favorable to his defense and attempt to assign as error on appeal the State Attorney's failure to produce the same witness. Defendant Gerstein, as a matter of law, cannot be said to have suppressed Houck's testimony.

■ In any regard, the trial of the criminal matter is directly related to and connected with the statutory obligation imposed upon the State Attorney or his assistant to appear and represent the state in criminal matters. Therefore, although the plaintiff may object to the selection of the state's witnesses at trial, this activity is entirely within the discretion of the State Attorney and is clearly within his jurisdiction as a criminal prosecutor. The court in Kauffman v. Moss, *supra,* affirmed the trial court's order dismissing the plaintiff's complaint for money damages wherein he alleged that the district attorney and three law enforcement officers conspired to secure his conviction with the knowing use of perjured testimony. The appellate court held in that case that the prosecuting attorney was acting within his jurisdiction in bringing the criminal charges and that he was immune from claims for money damages, despite allegations that he knowingly used perjured testimony. *See also* Bauers v. Heisel, *supra.* Likewise, the court in Guedry v. Ford, 431 F.2d 660 (5th Cir. 1970), affirmed the trial court's order dismissing the complaint on the grounds that both the defendant judge and prosecutor were immune from suits for money damages. As in the case at bar, "[t]he gist of the plaintiff's complaint alleging a conspiracy between the defendants is that he was charged, *tried,* convicted and sentenced unfairly." 431 F.2d at 662 (emphasis added). The court held that the *trial* of the plaintiff was within the scope of the jurisdiction of the prosecuting attorney and thus he was immune from claims for money damages. *See* Littleton v. Berbling, 468 F.2d 389, 410 (7th Cir. 1972). The decision by the prosecuting attorney whether to call a certain person as a witness at trial is squarely within the scope of his jurisdiction as a prosecuting attorney for which he is entitled to immunity. *See also,* Kauffman v. Moss, *supra,* n. 2.

■■ Furthermore, statements made by a prosecuting attorney in the heat of trial cannot be used as a basis to allege a § 1983 claim. Statements made by counsel are not evidence. To subject prosecuting attorneys to suits for money damages for statements made during the course of trial would severely impair their ability and desire to rigorously enforce the law. Madison v. Gerstein, 440 F.2d 338 (5th Cir. 1971). The actual trial of criminal matters is an essential function of the State Attorney's office, for which prosecutors enjoy quasi-judicial immunity. *See* Guedry v. Ford, *supra*; Kauffman v. Moss, *supra.* Partial immunity only in regard to the initiation of criminal matters would not adequately safeguard the public interest and would frustrate the public policy establishing quasi-judicial immunity.

Therefore, in light of the above, the Court finds that plaintiff's complaint and amended complaint fail to state a claim against either defendant herein upon which this Court can grant relief for money damages. Accordingly, it is

Ordered and adjudged that plaintiff's complaints be and the same hereby are dismissed without prejudice to plain-

tiff's pursuing his remedies under 28 U.S.C. § 2254, it being further

Ordered and adjudged that the balance of plaintiff's and defendants' motions filed in this cause be and the same hereby are denied.