**STATE OF LOUISIANA ex rel. Larry Joe PURKEY and James Edward Cripps**

v.

**John C. CIOLINO et al.**

**Civ. A. No. 73-2258.**

United States District Court,
E. D. Louisiana.

April 17, 1975.

Larry Joe Purkey, in pro per.

James Edward Cripps, in pro per.

Louis A. Gerdes, Jr., Asst. Atty. Gen., New Orleans, La., for defendants Charles Ward, Matthew S. Braniff, Jerome Winsberg, Thomas M. Brahney, Jr., Rudolph F. Becker, Jr., Oliver P. Schulingkamp, Frank J. Shea, Bernard J. Bagert, Israel M. Augustine, Jr., Alvin V. Oser, Edwin W. Edwards and William J. Guste.

Edward G. Koch, in pro per.

Charles C. Foti, Jr., Asst. City Atty., New Orleans, La., for defendants Joseph R. Bossetta, Andrew C. Bucaro, James E. Glancy, Jr., W. Blair Lancaster, Jr., City of New Orleans.

JACK M. GORDON, District Judge.

The plaintiffs, Larry Joe Purkey and James Edward Cripps, initiated this civil rights action to redress alleged violations of their First, Sixth, and Eighth Amendment rights. The vehicles the plaintiffs have chosen for the assertion of these alleged constitutional violations are 42 U.S.C. §§ 1981, 1983, 1985 and 1986. The plaintiffs ground jurisdiction on 28 U.S.C. §§ 1331, 1343(3) and (4), 2201 et seq., 2251, 2254 and 42 U.S.C. § 1988.

The defendants are Edward G. Koch, John C. Ciolino, Jim Garrison, who was the District Attorney of New Orleans, C. Murray Henderson, who is the Warden of the Louisiana State Penitentiary at Angola, Louisiana, Edward W. Edwards, who is the Governor of the State of Louisiana, William J. Guste, who is the Attorney General of the State of Louisiana, Louis Heyd, who was the Criminal Sheriff of Orleans Parish, Charles Ward, Matthew S. Braniff, Jerome Winsberg, Thomas M. Brahney, Jr., Rudolph F. Becker, Jr., Oliver P. Schulingkamp, Frank J. Shea, Bernard J. Bagert, Israel M. Augustine, Jr.,

and Alvin V. Oser, who are the Judges of the Criminal District Court of Orleans Parish, Joseph R. Bossetta, Andrew C. Bucaro, James E. Glancy, Jr., W. Blair Lancaster, Jr., who are the Municipal Court Judges of the City of New Orleans, and the City of New Orleans. Though not identified in the caption of the complaint as a defendant, the State of Louisiana is named as a defendant in the body of the complaint.

The suit arises from a state criminal proceeding in which the plaintiffs, Mr. Purkey and Mr. Cripps, were defendants. The plaintiffs were charged with murder in the Criminal District Court of the Parish of Orleans, State of Louisiana. Since the plaintiffs were indigent, the Criminal District Court Judge appointed Mr. Ciolino to represent Mr. Purkey and Mr. Koch to represent Mr. Cripps. The trial resulted in the conviction of Mr. Purkey and Mr. Cripps and they were sentenced to death. Mr. Purkey and Mr. Cripps are incarcerated presently in the Louisiana State Penitentiary at Angola, Louisiana.

The plaintiffs allege that their appointed counsel initiated an appeal with the Louisiana Supreme Court but failed to file briefs or appear for argument. The Louisiana Supreme Court reprimanded Mr. Ciolino and Mr. Koch for that incident. *See,* State of Louisiana ex rel. Gremillion v. Ciolino, 257 La. 537, 242 So.2d 882 (1970). At the later hearing on their appeals, the plaintiffs, Mr. Purkey and Mr. Cripps, allege that Mr. Koch and Mr. Ciolino merely filed a perfunctory brief with the Louisiana Supreme Court. The Louisiana Supreme Court affirmed their convictions. The plaintiffs aver that Mr. Ciolino and Mr. Koch should have invited the Louisiana Supreme Court's attention to the fact that the United States Supreme Court had under consideration a case in which it was decided ultimately that the death penalty was unconstitutional. The plaintiffs further allege that Mr. Ciolino and Mr. Koch failed to call certain alibi witnesses who would testify in favor of Mr. Purkey and Mr. Cripps.

From these factual allegations, the plaintiffs cite numerous violations of their civil rights. The violations may be summarized as the rendition of ineffective counsel, appointment of Mr. Koch and Mr. Ciolino by judges who knew or should have known of Mr. Koch's and Mr. Ciolino's propensity to render an ineffective counsel, failure to provide funds with which appointed counsel were to be compensated and failure to allow the plaintiffs to seek other appointed counsel. As a state cause of action, the plaintiffs assert a legal malpractice claim against Mr. Koch and Mr. Ciolino. Based on these allegations and civil rights statutes, the plaintiffs seek the following relief:

1. Actual damages in the amount of $1,000,000 and punitive damages in the amount of $500,000 in favor of Mr. Purkey and against the State of Louisiana and Mr. Ciolino;

2. Actual damages in the amount of $1,000,000 and punitive damages in the amount of $500,000 in favor of Mr. Cripps and against the State of Louisiana and Mr. Koch;

3. A declaratory judgment that the system of appointing counsel without compensation in state criminal proceedings is unconstitutional;

4. An injunction prohibiting appointments under such a system;

5. A judgment releasing the plaintiffs from state confinement; and,

6. An injunction prohibiting further prosecution of the plaintiffs.

In connection with the requested declaratory and injunctive relief, the plaintiffs seek to represent the class of indigent, criminal defendants who have had court appointed attorneys.

By order of this Court on August 24, 1973, the plaintiffs were allowed to proceed *in forma pauperis.* The plaintiffs

now request the appointment of counsel to aid their presentation of this case. The statutory authorization for such an appointment of counsel is 28 U.S.C. § 1915(d), which reads:

"The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."

■ When an individual civil litigant applies for appointment of counsel, the court at that time should determine if the plaintiff's claim is frivolous or malicious. Allison v. Wilson, 277 F.Supp. 271 (N.D.Cal.1967). *See,* Muhammad v. McGinnis, 362 F.2d 587 (2nd Cir. 1966); Miller v. Pleasure, 296 F.2d 283 (2nd Cir. 1961). The reason for that procedure is to insure that the appointed counsel does not render service, for which there is no compensation, in a case which has no chance of success. Allison v. Wilson, *supra.*

■ An action is frivolous within the meaning of 28 U.S.C. § 1915(d) when the plaintiff's realistic chance of ultimate success is slight. Jones v. Bales, 58 F. R.D. 453 (N.D.Ga.1972), aff'd., 480 F.2d 805 (5th Cir. 1973). After studying the plaintiff's complaint, the Court concludes that the plaintiffs' claims are frivolous. The plaintiffs have asserted claims based upon 42 U.S.C. §§ 1981, 1983, 1985 and 1986. The Court will discuss every claim asserted by the plaintiffs against the various defendants and will indicate why the plaintiffs' chance of ultimate success on those claims are either very slight or nonexistent.

First, the Court will address the plaintiffs' claims which are based on 42 U.S.C. § 1981. 42 U.S.C. § 1981 reads as follows:

"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

■■ The purpose of the section is to give all citizens equal benefit of all laws which provide for the security and property as enjoyed by white citizens. Gonzales v. Fairfax-Brewster School, Inc., 363 F.Supp. 1200 (E.D.Va.1973). Section 1981 applies only to claims of racial discrimination. Williams v. San Francisco Unified School District, 340 F.Supp. 438 (N.D.Cal.1972); Schetter v. Heim, 300 F.Supp. 1070 (E.D.Wis.1969). *See also,* WRMA Broadcasting Co., Inc. v. Hawthorne, 365 F.Supp. 577 (M.D. Ala.1973). 28 U.S.C. § 1981 is not applicable in this case. No allegation of racial discrimination is made in this case. The complaint contains no allegation that Mr. Ciolino, Mr. Koch or any other appointed attorneys render more effective counsel to white indigent defendants than to black indigent defendants. Nor do the plaintiffs aver that the court appointed attorneys of white indigent defendants are compensated while the court appointed attorney of black indigent defendants are not compensated. Since racial discrimination is not present, a 1981 claim for damages or injunctive or declaratory relief has no chance of success against the named defendants.

The plaintiffs seek damages from Mr. Koch, Mr. Ciolino and the State of Louisiana. The plaintiffs base claims for recovery of damages on 42 U.S.C. § 1983, which reads as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in

an action at law, suit in equity, or other proper proceeding for redress."

■ The plaintiffs each pray for damage recovery against the State of Louisiana in the amount of $1,500,000. Various state officials, the governor, the attorney general, the warden of a state prison, a district attorney, certain criminal district court judges and a criminal sheriff are named as defendants. A state is not a person for 1983 purposes and is not amenable to suit under 1983. United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970); Deane Hill Country Club, Inc. v. City of Knoxville, 379 F.2d 321 (6th Cir. 1967), cert. denied, 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467 (1967); Loux v. Rhay, 375 F.2d 55 (9th Cir. 1969). See, Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). A 1983 suit is properly directed toward a specific individual who may be a state official. Though 1983 requires action under color of state law, by acting in an unconstitutional manner, the state official is deemed to have acted outside of his official capacity and, therefore, the individual, not the state, may be liable for damages. Sostre v. McGinnis, 442 F.2d 178 (2nd Cir. 1971), cert. denied, 404 U.S. 1049, 92 S.Ct. 719, 30 L.Ed.2d 740 (1972); Collins v. Schoonfield, 363 F.Supp. 1152 (D.Md. 1973); Landman v. Royster, 354 F. Supp. 1302 (E.D.Va.1973). No 1983 claim for damages can be asserted against the State of Louisiana.

Though only Mr. Koch and Mr. Ciolino are identified individually as being liable for damages, the Court will consider the plaintiffs' 1983 claims for damages in respect to each defendant.

■ A 1938 claim against Mr. Koch and Mr. Ciolino has no chance of ultimate success. One element of a 1983 claim is that the conduct complained of was engaged in under color of state law. Hamrick v. Norton, 322 F.Supp. 424 (D.C.Kan.1970), aff'd., 436 F.2d 940 (10th Cir. 1971). "Private attorneys do not act under color of state law even though they may be appointed by the state . . . ." Hamrick v. Norton, supra at 426. Accord, Barnes v. Dorsey, 480 F.2d 1057 (8th Cir. 1973); Szijarto v. Legeman, 466 F.2d 864 (9th Cir. 1972); Brown v. Joseph, 463 F.2d 1046 (3rd Cir. 1972), cert. denied, 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003 (1973). Since the element of state law is missing, no 1983 claim for damages can be asserted against Mr. Koch and Mr. Ciolino.

■ No 1983 claim for damages can be asserted successfully against Orleans Parish Criminal District Court Judge Frank Shea for his appointment of Mr. Ciolino and Mr. Koch to represent the plaintiffs. A judge acting in his judicial capacity is absolutely immune for damage suits for acts committed within their jurisdiction. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L. Ed.2d 288 (1967). The passage of Section 1983 in the Civil Rights Act of 1871 did not abolish or affect the doctrine of judicial immunity. Pierson v. Ray, supra. Judge Shea was performing required duties of his position when he appointed Mr. Koch and Mr. Ciolino to represent the plaintiffs. Louisiana law provides for the appointment of counsel to represent indigent criminal defendants. LSA–C.Cr.P. art. 512 reads as follows:

"When a defendant charged with a capital offense appears for arraignment without counsel, the court shall assign counsel for his defense. Such counsel may be assigned earlier, but must be assigned before the defendant pleads to the indictment. Counsel assigned in a capital case must have been admitted to the bar for at least five years. An attorney with less experience may be assigned as assistant counsel. The defendant shall not be required to pay for such representation."

LSA–C.Cr.P. art. 513 reads as follows:

"In other felony cases, when a defendant appears for arraignment without counsel, the court shall inform him, before he pleads to the indictment, of his right to have the court appoint counsel to defend him if he is financially unable to procure counsel. When a defendant states under oath that he desires counsel but is financially unable to procure counsel, and the court finds the statement to be true, the court shall assign counsel to the defendant before he pleads to the indictment. The defendant shall not be required to pay for such representation."

No 1983 claim for damages is assertible against Judge Shea.

■■■■ If the plaintiffs intended to assert 1983 claims against the governor, the attorney general, the criminal sheriff, the warden of the state prison, and the district attorney, those claims are frivolous. Assuming for the moment that factors such as personal involvement or respondeat superior can be established, the law is clear that individuals serving in those capacities are entitled to certain qualified immunities from damage suits. Governors are entitled to immunity from damage suits for acts within the sphere of executive activity. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Martone v. McKeithen, 413 F.2d 1373 (5th Cir. 1969). Actions taken in the exercise of their official, quasi-judicial function entitled attorney generals to immunity from damage suits under 1983. Scolnick v. Lefkowitz, 329 F.2d 716 (2nd Cir. 1964), cert. denied 379 U. S. 825, 85 S.Ct. 49, 13 L.Ed.2d 35 (1964). Likewise, prison wardens are immune from 1983 suit for damages for merely asserting custody over a prisoner pursuant to a valid commitment order. Mann v. Snyder, 300 F.Supp. 1309 (E. D.Pa.1969). A state district attorney enjoys immunity for acts committed within the scope of his jurisdiction. Madison v. Gerstein, 440 F.2d 338 (5th

Cir. 1971). A sheriff is immune from damage suits alleging violations of civil rights by the sheriff's actions while acting as an arm of the court. Godwin v. Williams, 293 F.Supp. 770 (N.D.Tex. 1968); Delaney v. Shobe, 235 F. Supp. 662 (D.Or.1964). The discussion of the various immunities is especially pertinent in this case since the plaintiffs seek to recover damages from state officials for acts which state law requires. LSA–C.Cr.P. art. 511–4. It would be patently unjust to hold state officials personally liable for following state law. *See,* Collins v. Schoonfield, 363 F.Supp. 1152 (D.Md.1973). Especially so in this case since the decisions of the United States Supreme Court require that such appointments be made. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L. Ed. 158 (1932); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). No 1983 claim for damages against the above-mentioned state officials has any ultimate chance of success in this case.

The plaintiffs cite 42 U.S.C. § 1985 as a further ground for recovery of damages. 42 U.S.C. § 1985 reads as follows:

"(1) If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;

Obstructing justice; intimidating party, witness, or juror

(2) If two or more persons in any State or Territory conspire to deter,

by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

### Depriving persons of rights or privileges

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all person within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

 1985(1) and (2) by their clear terms do not apply in this case. The Court will, therefore, direct its attention to 1985(3). The Court, initially, must note that no allegation of conspiracy or concert of action is found in the entire complaint. The Court is of the opinion that the mention of 1985 without any mention of "conspiracy" or "concert of action" means that the cite to 1985 was included inadvertently and unintentionally in the complaint. Civil right cases have been dismissed when the court concluded that allegations of a conspiracy were vague and conclusory. Dieu v. Norton, 411 F.2d 761 (7th Cir. 1969); Droysen v. Hansen, 59 F.R.D. 483 (E.D.Wis.1973). Here no allegations are presented; just one mention of "1985". 1985 claims have been dismissed when the complaint alleged no concerted action among the defendants. Barnes v. Dorsey, 480 F.2d 1057 (8th Cir. 1973); Ehn v. Price, 372 F.Supp. 151 (N.D.Ill.1974). The Court concludes that no 1985(3) claim is asserted in this suit by the plaintiffs. Even if such allegations were present, the immunities enjoyed by judges and state officials in 1983 actions are applicable to 1985 actions. Barnes v. Dorsey, *supra,* Lynch v. Johnson, 420 F.2d 818 (6th Cir. 1970) (judges); Gaito v. Ellenbogen, 425 F.2d 845 (3rd Cir. 1970) (attorney generals); Ransom v. City of Philadelphia, 311 F.Supp. 973 (E.D.Pa.1970); Belveal v. Bray, 253 F.Supp. 606 (D.

Colo.1966) (wardens); Dodd v. Spokane County, Washington, 393 F.2d 330 (9th Cir. 1968) (sheriffs); Sykes v. State of California, 497 F.2d 197 (9th Cir. 1974) (state officials). Again the immunity point bears special consideration since a state statute required the actions which the plaintiffs challenge. *See,* Mann v. Snyder, *supra.* The plaintiffs' 1985(3) claim is frivolous.

■■ The plaintiffs cite 42 U.S.C. § 1986 as the basis for a damage recover. 42 U.S.C. § 1986 reads as follows:

"Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."

By its terms, section 1986 relates to section 1985. Where no cause of action was established or alleged under section 1985, a derivative action under section 1986 cannot be maintained. Johnston v. National Broadcasting Co., Inc., 356 F. Supp. 904 (E.D.N.Y.1973); Post v. Payton, 323 F.Supp. 799 (E.D.N.Y.1971); Huey v. Barloga, 277 F.Supp. 864 (N.D. Ill.1967).

■■ The plaintiffs seek a declaratory judgment that the appointment of counsel to represent indigent criminal defendants without compensating the appointed attorneys is unconstitutional, and an injunction against state judges and officials to prohibit the operation of the appointment system. The concepts of immunity previously discussed are inapplicable to suits requesting declaratory and injunctive relief under 1983. Shellburne, Inc. v. New Castle County, 293 F.Supp. 237 (D.Del.1968). The Court therefore will discuss the merits of the plaintiffs' contentions. The basis of the plaintiffs' argument must be that the quality of legal assistance rendered, varies according to whether or not the attorney is retained and compensated or court appointed and uncompensated. The plaintiffs' contention is without merit. All attorneys who are members of the Louisiana Bar Association are governed by the Code of Professional Responsibility.[1] The Code of Professional Responsibility presents canons, ethical considerations and disciplinary rules which prescribe standards for the practice of law. Disciplinary procedures and other remedies exist when the standards are not followed. Just because individual breakdowns might occur does not require a determination that the system of appointing attorneys to represent indigent criminal defendants is unconstitutional. In most cases, appointed attorneys render the same effective legal assistance to their indigent clients as is rendered to other clients. If ineffective counsel is rendered, remedies are available. The system of appointment of attorneys to represent indigent criminal defendants is not constitutionally infirm merely because the appointed attorneys are not compensated.

1. LSA–R.S. following 37 :218.

The plaintiffs seek an injunction against the continued operation of the appointment system. In view of the Court's conclusion that the appointment system is constitutional, the request for injunctive relief need not be discussed.

■ In challenging the constitutionality of the appointment system, LSA–C.Cr.P. art. 511–4, and in seeking an injunction against its continued operation, the plaintiffs have presented an issue which normally would require the convening of a three-judge court. 28 U.S.C. § 2281. When, however, no substantial constitutional question is raised, a single judge may dismiss a complaint which challenges the constitutionality of a state statute. Rosenthal v. Board of Education of Central High School District No. 3 of Town of Hempstead, 497 F.2d 726 (2nd Cir. 1974); Rakes v. Coleman, 318 F.Supp. 181 (E.D.Va. 1970). As explained above, the plaintiffs' attack on the statutory appointment system is without merit and, therefore, convening of a three-judge court is not necessary.

The plaintiffs claim the right to release from confinement. 28 U.S.C. §§ 2251 and 2254 are cited by the plaintiffs. The Court views the complaint as mainly a request for declaratory relief, injunctive relief and damages. In the complaint, the plaintiffs describe the "Nature of the Proceeding" as follows:

"This proceeding is to recover monetary damages, compensatory and punitive, and for the attorneys fees necessary for the prosecution of this case, from the named defendants herein for the violation of the civil, constitutionally, and federally protected rights guaranteed to plaintiffs, by the Constitution of the United States and by the Sixth, Eighth, and Fourteenth Amendments thereto and by 42 U.S.C. 1981, 1983, 1985, and 1986, and by the Act of Congress known as the Civil Rights Act of 1866. This proceeding also seeks a declaration of the unconstitutionality of the system of appointment of defense counsel for indi-

gent defendants in the Criminal District Court for the Parish of Orleans and the Municipal Court for the City of New Orleans. This proceeding is also to recover monetary damages from certain of the named defendants herein under Louisiana law for professional malpractice and for negligent injury and damage, as well as for agency, employer, and respondent superior responsibility therefore. Plaintiffs also seeks an injunction against further proceedings against plaintiffs."

The Court believes that the references to 28 U.S.C. §§ 2251 and 2254 and the request for release were included incorrectly in their complaint. Well known procedures are available to those who seek a writ of habeas corpus. Such procedures have not been followed in this case.

■ The plaintiffs request the Court to prohibit Judge Shea, the district attorney and the attorney general from initiating further prosecutions of the plaintiffs. 28 U.S.C. § 2283 precludes the issuance of injunctions against state criminal proceedings which are in progress. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 1119, fn. 2, 14 L.Ed.2d 22 (1965). Federal district courts may enjoin future or threatened state criminal proceedings only under narrow circumstances when both a great and immediate irreparable injury will result. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). See, Dombrowski v. Pfister, *supra*; Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). No circumstances evidencing irreparable injury are present in this case.

■ At this point, all federal civil rights claims have been eliminated. Only the plaintiffs' state cause of action for legal malpractice remains. It is well settled that when federal claims are dismissed before trial, the Court should not exercise pendent jurisdiction over a state claim. United Mine Workers of

America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

Accordingly, the Application for Appointment of Counsel submitted by the plaintiffs, Larry Joe Purkey and James Edward Cripps is denied. Further,

It is hereby ordered that this case be dismissed.