**George DUNLEAVY, Plaintiff,**

**v.**

**Vito TERNULLO, Superintendent, Matteawan State Hospital, Stephen Dalsheim, Deputy Director Program Services, Defendants.**

**No. 75 Civ. 3809. (WCC)**

United States District Court,
S. D. New York.

March 5, 1976.

George Dunleavy, pro se.

Louis J. Lefkowitz, Atty. Gen. of N. Y., New York City, for defendants.

## MEMORANDUM AND ORDER

CONNER, District Judge:

George Dunleavy, presently confined at the Matteawan State Hospital (Matteawan) in Beacon, New York, while he awaits trial on charges of Escape in the First Degree, has initiated this *pro se* civil rights action pursuant to 42 U.S.C. §§ 1981–83. Plaintiff challenges the constitutionality of certain of the conditions of his confinement. In particular, plaintiff complains that without cause or explanation he has been transferred to Matteawan's "JAIL WARD" and as a result has been denied free access to that institution's law library. In addition to declaratory and injunctive relief, plaintiff seeks money damages.

Defendants are state officials who have concededly denied plaintiff free access to Matteawan's law library due to his status as the occupant of a "Special Housing Unit."

■ The jurisdictional basis for this action, 28 U.S.C. § 1343(3), (4), is clear. Though plaintiff has not exhausted his state court remedies, since the remedies provided by the Civil Rights Acts are supplementary to available state remedies, "'the latter need not be first sought and refused before the federal one is invoked.' *Monroe v. Pape,* 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961); *McNeese v. Board of Education,* 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963); *Damico v. California,* 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967)." *Wilwording v. Swenson,* 404 U.S. 249, 251, 92 S.Ct. 407, 409, 30 L.Ed.2d 418, 421 (1971); *Corby v. Conboy,* 457 F.2d 251 (2d Cir. 1972).

## I.

Pursuant to standard operating procedure in actions of this type, defendants have moved, pursuant to Rule 12(b)(6) F.R.Civ.P., for an order dismissing the complaint for failure to state a cause of action. Further following well established precedent, the State has submitted for the Court's consideration a virtually useless memorandum and affidavit in support of the motion. Although this Court, through experience, is painfully aware of the staggering number of civil rights actions, most of them frivolous, which are dumped upon the federal judiciary, and that the most appropriate way to deal with the great bulk of such cases is indeed through a motion to dismiss, there is no excuse for the uniformly cavalier fashion in which motion papers are prepared by the Deputy Assistant Attorneys General in charge of these cases.

After having granted two one-month adjournments to allow the State to "ascertain the facts * * * and the relevant law" the Court has been presented with motion papers which afford it no assistance whatever but leave it utterly on its own to analyze the complaint and research the relevant law in this, a case which on its face includes a number of disturbing factual allegations.

## II.

■ At the outset, it should be noted that while plaintiff does allege violations of due process ("PLAINTIFF has NOT been accussed [sic] of anything by the DEFENDANTS nor has he received any type of hearing before his rights and privileges have been taken") there is absolutely no charge that the alleged violations of his constitutional rights were racially motivated. In fact, an examination of the papers before the Court fails to disclose the racial group of which plaintiff is a member. Under that circumstance, plaintiff's claims under 42 U.S.C. §§ 1981 and 1982 are not viable.

Unlike Section 1983, Sections 1981 and 1982 provide a foundation only for causes of action involving racial discrimination. In *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 413, 88 S.Ct. 2186, 2189, 20 L.Ed.2d 1189, 1192 (1968), the Supreme Court specifically stated that Section 1982 "deals only with racial discrimination * * *." The statute is further inapplicable to the facts of this case since by its very terms it deals only with the right to "inherit, purchase, lease, sell, hold, and convey real and personal property." At least one Circuit Court of Appeals and numerous United States District Courts have reached the same result when applying Section 1981, which was enacted at the same time as Section 1982, as part of the same Act of Congress, and contains the identical language to describe the nature of the right created. *Agnew v. City of Compton,* 239 F.2d 226, 230 (9th Cir. 1956), *cert. denied,* 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957); *Louisiana ex rel. Purkey v. Ciolino,* 393 F.Supp. 102, 106 (E.D.La.1975); *Olson v. Rembrandt Printing Co.,* 375 F.Supp. 413, 417 (E.D.Mo.1974), *aff'd,* 511 F.2d 1228 (8th Cir. 1975); *Veres v. County of Monroe,* 364 F.Supp. 1327, 1329 (E.D.Mich.1973); *Willis v. Chicago Extruded Metals Co.,* 358 F.Supp. 848, 851–52 (N.D.Ill.1973); *Williams v. San Francisco Unified School District,* 340 F.Supp. 438, 440 (N.D.Cal.1972); *Schetter v. Heim,* 300 F.Supp. 1070, 1073 (E.D. Wis.1969); *Stambler v. Dillon,* 288

F.Supp. 646, 649 (S.D.N.Y.1968); see *Georgia v. Rachel,* 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *United States v. Cruikshank,* 92 U.S. 542, 23 L.Ed. 588 (1875).

Accordingly, my consideration of this case will be limited to plaintiff's charge under Section 1983, which reads as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

### III.

■ The ground rules against which defendants' motion should be tested are well settled. An action, especially under the Civil Rights Act, will "not be dismissed at the pleadings stage unless it appears to a certainty that plaintiffs are entitled to no relief under any state of facts which could be proved in support of their claims. *Escalera v. New York City Housing Authority,* 425 F.2d 853, 857 (2d Cir.), *cert. denied,* 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970); *Johnson v. Illinois Dep't of Public Aid,* 467 F.2d 1269, 1271 (7th Cir. 1972); *Ford v. Brier,* 383 F.Supp. 505, 506 (E.D.Wis. 1974); *Feliciano v. Romney,* 363 F.Supp. 656, 667 (S.D.N.Y.1973). Under this standard, all the material allegations of the complaint must be deemed true. *Walker Process Equip. & Food Mach. & Chem. Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965); *Cooper v. Pate,* 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964); *Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–103, 2 L.Ed.2d

80, 85 (1951); *Corby v. Conboy, supra* at 253. Moreover, in a *pro se* action such as this, the pleadings should be construed with particular generosity. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jackson v. Statler Foundation,* 496 F.2d 623, 625–26 (2d Cir. 1974).

■ For the purposes of this motion, the following facts can therefore be treated as established. Upon arraignment on a charge of Escape in the First Degree, plaintiff announced his desire to waive his right to counsel and to act in his own defense. After questioning by the court, plaintiff was permitted to proceed without aid of counsel. Plaintiff was thereafter remanded to Matteawan to await trial.

On or about June 10th, 1975, as the result of an "incident" in his ward, plaintiff was reassigned to the "JAIL WARD" at Matteawan. Despite repeated requests, plaintiff has never been advised of, nor charged with, the violation of any institutional rule or regulation which would require his reassignment. It was plaintiff's reassignment which resulted in his being denied personal access to the law library.[1]

Defendants' motion to dismiss is based upon two grounds:

(1) Insofar as plaintiff is seeking injunctive relief based upon the adverse impact the institution's actions may be having on his ability to prepare the criminal case against him for trial, that claim is properly before the state courts;

(2) As an occupant of a "Special Housing Unit" plaintiff cannot be allowed to "have free acess [sic] to the law library to roam around at will."

Plaintiff agrees that matters involving his state case are properly before the state courts. However, he argues that defendants' refusal to justify his present status of incarceration is properly before this Court. With respect to defendants'

---

1. Plaintiff has rejected, as unacceptable, defendants' offer to supply him with specific legal material requested in conjunction with assistance from the law library clerk.

second argument, plaintiff claims that he is permitted to "roam around" to his job on the Matteawan newspaper and to participate freely in all the institution's programs, except the law library.

Defendants may have a perfectly acceptable explanation for their treatment of plaintiff, and it may well turn out that plaintiff will be unable at trial to prove any of his claims. However, in light of plaintiff's claim that, without notice or a hearing, defendants have arbitrarily refused him access to the law library, I am not prepared to rule that no cause of action under Section 1983 has been stated. As Chief Judge Kaufman recently observed in a slightly different context,

"While lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, it is today clear that an iron curtain is not drawn between the prisons of this country and the Constitution."

\* \* \* \* \* \*

"Special Offender classification works serious alteration in the inmate's conditions of confinement because it hinders or precludes eligibility for \* \* \* important rehabilitative programs. We therefore conclude that the marked changes in the inmate's status which accompany the designation create a 'grievous loss', and may not be imposed in the absence of basic elements of rudimentary due process." *Cardaropoli v. Norton,* 523 F.2d 990, 992, 995 (2d Cir. 1975) (citations and footnotes omitted).

Since plaintiff's allegations clearly state a violation of due process under *Cardaropoli* and the cases cited therein, and the due process clause is in turn comprehended by the provisions of Section 1983, see *Sostre v. McGinnis,* 442 F.2d 178, 189 (2d Cir. 1971) (*en banc*), *cert. denied sub nom. Oswald v. Sostre,* 405 U.S. 978, 92 S.Ct. 1190, 31 L.Ed.2d 254 (1972); *Moss v. Hornig,* 314 F.2d 89, 92 (2d Cir. 1963), I conclude that plain-

tiff has fairly stated a claim cognizable under the federal Civil Rights Act.

The motion to dismiss is denied.

### IV.

In order to ascertain all the facts underlying plaintiff's claims, and to motivate defendants' counsel to conduct the type of investigation that should have been undertaken initially, defendants are instructed as follows:

(1) To undertake a review of the subject matter of the complaint

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution or other appropriate officials to resolve the subject matter of the complaint.

(2) Promptly and following the review, a written report shall be compiled and filed with the court. Authorization is granted to interview all witnesses, including the plaintiff and appropriate officers of the institution. Wherever appropriate, medical or psychiatric examinations shall be made and included in the written report.

(3) No answer or further motions addressed to the complaint shall be filed until the steps set forth in this order shall have been taken and completed.

(4) All reports made in the course of the review shall be attached to and filed with defendants' answer to the complaint.

(5) The answer shall restate in separate paragraphs the allegations of the complaint. Each restated paragraph shall be followed by defendants' answer thereto.

In order to facilitate defendants' investigation, a form (see Appendix A) is being sent to plaintiff to be completed and filed as an amended complaint within thirty (30) days from the date of this order. Defendants' answer, including the report herein required, shall be filed

no later than thirty (30) days from the date plaintiff's amended complaint is filed.

The practice of requiring defendants to submit the type of report outlined above was originated by Judge Vincent P. Biunno of the District of New Jersey and has been approved by at least one Court of Appeals. *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975).

The substance of the special report being requested from defendants, as well as the complaint form being sent to plaintiff, were transmitted to the Court as part of a recent study by The Federal Judicial Center. As recognized by the Center, these requests give the Court the benefit of detailed, relevant, factual information frequently omitted by both sides in cases of this type, force defendants to properly investigate prisoner complaints and hopefully can lead to the remedy of defective practices, thereby mooting the cases.

SO ORDERED.

## APPENDIX A

I.  Previous Lawsuits

    A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

        Yes [   ]   No [   ]

    B.  If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

       1.  Parties to this previous lawsuit

          Plaintiffs: _____

          Defendants: _____

       2.  Court [if federal court, name the district; if state court, name the county]: _____

       3.  Docket number: _____

       4.  Name of judge to whom case was assigned: _____

       5.  Disposition [for example: Was the case dismissed? Was it appealed? Is it still pending?]: _____

       6.  Approximate date of filing lawsuit: _____

       7.  Approximate date of disposition: _____

II.  Place of Present Confinement: _____

    A.  Is there a prisoner grievance procedure in this institution?

        Yes [   ]   No [   ]

    B.  Did you present the facts relating to your complaint in the state prisoner grievance procedure?

        Yes [   ]   No [   ]

C. If your answer is YES:
   1. What steps did you take? _____

   _____

   2. What was the result? _____

   _____

D. If your answer is NO, explain why not: _____

   _____

III. Parties

[In item A below, place your name in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.]

A. Name of plaintiff _____
   Address _____

[In item B. below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank.  Use item C for the names, positions, and places of employment of any additional defendants.]

B. Defendant _____ is employed as _____
   _____ at _____

C. Additional Defendants: _____

   _____

   _____

   _____

IV. Statement of Claim

State here as briefly as possible the *facts* of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. [Use as much space as you need.  Attach extra sheet if necessary.]

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

V. Relief

*State briefly exaclty what you want the court to do for you.*
Make no legal arguments.   Cite no cases or statutes.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Signed this _____ day of _____, 19\_\_\_.

_____

_____

_____
[Signature of plaintiff
or plaintiffs]

VERIFICATION

State of _____

County of _____

_____, being first duly sworn, under oath, says: that he is the plaintiff in this action and knows the content of the above complaint; that it is true of his own knowledge, except as to those matters that are stated in it on his information and belief, and as to those matters he believes them to be true.

_____
[Signature of affiant-plaintiff]

Subscribed and sworn to before
me this _____ day of _____,
19\_\_\_.

_____
[Notary Public or other person authorized
by law to administer an oath]