LOFLAND, James E., Plaintiff,

v.

Thomas MEYERS, John Doe, Individually and in their positions as Special Agents Federal Bureau of Investigation, Jed Rakoff, Individually, and in his position as Assistant United States Attorney, Bing Bennett, Esther Armstrong, and Lester McGhee, Individually, Defendants.

No. 76 Civ. 5369 (HFW).

United States District Court, S. D. New York.

Sept. 28, 1977.

5. *See Muth v. Dechert, Price & Rhoads* in this regard.

James E. Lofland, pro se.

Robert B. Fiske, Jr., U. S. Atty. S. D. N. Y., New York City, for defendants Rakoff, Meyers, Armstrong, and Bennett.

## MEMORANDUM

WERKER, District Judge.

Plaintiff, James Lofland, has filed this *pro se* complaint for money damages alleging that his conviction for criminal fraud in a prior suit brought by the United States was the result of defendants' intentional, malicious, and wanton violation of plaintiff's constitutional and civil rights. Defendants now seek to dismiss the complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted; defendants also move for summary judgment pursuant to rule 56 of the Federal Rules of Civil Procedure.

The complaint alleges that defendants violated plaintiff's rights under 42 U.S.C. § 1981 and § 1985 by (1) intentionally conducting an illegal search of plaintiff's property in· Liberal, Kansas and removing papers and documents which were later used for the prosecution of plaintiff in a prior criminal action, (2) fabricating false evidence, (3) withholding evidence, (4) soliciting perjured testimony, and (5) committing perjury by testifying to false testimony.

Defendants in the instant action are the Assistant United States Attorney who prosecuted the aforementioned criminal action, Jed Rakoff; two special agents of the Federal Bureau of Investigation, Thomas Meyers and an unnamed agent; and three government witnesses, Bing Bennett, Esther Armstrong, and Lester McGhee. Plaintiff seeks two million dollars against each of the defendants except the Assistant United States Attorney, Rakoff, against whom plaintiff wishes the court to grant whatever relief the court· deems appropriate.

Jurisdiction for the court to hear claims pursuant to 42 U.S.C. §§ 1981 and 1985 is alleged under 28 U.S.C. § 1343 (civil rights violations); jurisdiction for the court to hear constitutional claims is alleged under 28 U.S.C. § 1331 (federal question). However, as will be shown, this court will entertain jurisdiction only under 28 U.S.C. § 1331 (1970).

## JURISDICTION

█ Application of section 1981 of title 42 is limited to instances of racial discrimination. *Pyles v. Keane,* 418 F.Supp. 269, 271 n.1 (S.D.N.Y.1976); *Dunleavy v. Ternullo,* 410 F.Supp. 1166, 1168 (S.D.N.Y. 1976); *Arnold v. Tiffany,* 359 F.Supp. 1034, 1035 (C.D.Cal.1973), *aff'd* 487 F.2d 216 (9th Cir. 1973), *cert. denied,* 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881 (1974). Plaintiff has not alleged that he has been discriminated against because of his race and therefore has not stated any claim for relief arising under section 1981.

█ As to section 1985, it is the law of this Circuit that section 1985 of title 42 does not permit relief against the actions of federal officers acting under color of *federal* law. *Williams v. Halperin,* 360 F.Supp. 554, 556 (S.D.N.Y.1973) (emphasis in original). *See Gregoire v. Biddle,* 177 F.2d 579, 581 (2d Cir. 1949), *cert. denied,* 339 U.S. 949, 70 S.Ct. 803, 94 L.Ed. 1363 (1950); *Boruski v. Stewart,* 381 F.Supp. 529, 534 (S.D.N.Y. 1974). *See also Bethea v. Reid,* 445 F.2d 1163, 1164 (3d Cir.), *cert. denied,* 404 U.S.

1061, 92 S.Ct. 747, 30 L.Ed.2d 749 (1971). Thus, plaintiff has inappropriately alleged a claim for relief under section 1985 and I will not consider claims under this section.

■ Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In considering the dismissal of a *pro se* complaint, inartful pleadings are to be liberally construed. *Id.* See also *Jackson v. Statler Foundation*, 496 F.2d 623, 626 (2d Cir. 1974), *cert. denied*, 421 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975). Thus, I shall read plaintiff's complaint as alleging a *Bivens* cause of action. *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Court in *Bivens* held that monetary damages can be recovered for any injury suffered as a result of an illegal search and seizure by a federal agent. Thus, *Bivens* created federal actions against federal officials for alleged constitutional violations under the Fourth Amendment. *Id.* The *Bivens* rationale has been extended to encompass allegations of Fifth Amendment violations by federal agents which have been held to support an action for damages. *United States ex rel. Moore v. Koelzer*, 457 F.2d 892, 894 (3d Cir. 1972); *Blassingame v. United States Attorney General*, 387 F.Supp. 418 (S.D.N.Y.1974).

■ A liberal reading of plaintiff's complaint reveals that plaintiff would be wise to allege Fourth and Fifth Amendment violations. Specifically, I will treat this complaint as alleging Fourth Amendment illegal search and seizure and Fifth Amendment due process violations. The plaintiff alleges that defendants illegally entered and searched his property in Liberal, Kansas—a possible Fourth Amendment claim. The complaint also includes allegations that defendants conspired to fabricate false evidence, withheld evidence, and solicited and offered perjured testimony—allegations which, if proven, indicate Fifth Amendment due process violations. Thus, this court bases its jurisdiction on 28 U.S.C. § 1331(a) since all of plaintiff's claims involve matters arising under the Constitution of the United States.

Having established the ground for jurisdiction, I will now turn to the substantive issues of plaintiff's complaint.

## PROSECUTORIAL IMMUNITY

■ A state prosecutor acting within the scope of his duties in initiating a prosecution and in presenting the state's case is absolutely immune from civil damages liability under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This same immunity applies to federal prosecutors who are sued on actions founded directly on the Constitution. *Brawer v. Horowitz*, 535 F.2d 830, 834 (3d Cir. 1976). In *Imbler*, the Court did not extend its holding to confer absolute immunity upon a prosecutor's role as an administrator or investigative officer, *Imbler v. Pachtman*, 424 U.S. at 430–31, 96 S.Ct. 984, noting that it would not consider a prosecutor's immunity relating to his investigative or administrative functions since the prosecutor's actions in *Imbler* were "intimately associated with the judicial phase of the criminal process." *Id.* at 430, 96 S.Ct. at 995.

■ Plaintiff has charged defendant Rakoff, the Assistant United States Attorney, with suborning perjury, withholding evidence, introducing illegally obtained evidence at trial, and participating in an illegal search and seizure of plaintiff's alleged property. All but the last charge are activities which are "intimately associated with the judicial phase" of the plaintiff's trial. Thus, under *Imbler*, defendant Rakoff is absolutely immune from civil damage liability for his activities which were within the scope of the initiation and presentation of the prior criminal suit and plaintiff has failed to state a claim upon which relief may be granted as to these functions; *Imbler, however*, does not immunize Rakoff from the alleged illegal search and seizure since it is an activity investigative rather than judicial in nature.

## SUMMARY JUDGMENT AND THE ILLEGAL SEARCH AND SEIZURE

 A moving party is entitled to summary judgment as a matter of law when no genuine issue as to any material fact exists. Fed.R.Civ.P. 56(c); *Friends of the Earth v. Carey*, 401 F.Supp. 1386 (S.D.N.Y.); *rev'd on other grounds*, 535 F.2d 165 (2d Cir. 1976), *citing Doehler Metal Furniture Co. v. United States*, 149 F.2d 130 (2d Cir. 1945). Plaintiff alleges that defendants Rakoff, Meyers and an unnamed agent caused to be and/or entered plaintiff's property without a warrant and conducted an illegal search and seized material in violation of plaintiff's constitutional rights.[1] Defendants' sworn affidavits in support of defendants' motion for summary judgment deny such allegations and state that neither of the two named defendants were ever in Liberal, Kansas and neither have ever directed or participated in a search of plaintiff's property. Plaintiff's affidavit in opposition to defendant's motion for summary judgment merely states that "it is hard to believe" that Rakoff did not direct or, suggest an entry and search of plaintiff's property. As the Second Circuit has stated, "[t]o avoid summary judgment, . . . a plaintiff must do more than whet the curiosity of the court; he must support vague accusation and surmise with concrete particulars." *Applegate v. Top Associates, Inc.*, 425 F.2d 92, 96 (2d Cir. 1970). "An adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits . . . must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Plaintiff's affidavit does not satisfy the requirements of Rule 56(e) since it lacks concrete and specific facts contradicting defendants' sworn statements. Therefore, I must grant the defendants' motion for summary judgment as to plaintiff's allegation which charges Rakoff and Meyers with an illegal search and seizure of his property in Liberal, Kansas.

## SUMMARY JUDGMENT AND OTHER CHARGES AGAINST MEYERS

 Plaintiff has also charged defendant Meyers with committing perjury and fabricating and soliciting false testimony. Agent Meyers' sworn affidavit pursuant to rule 56(e) indicates that plaintiff's allegations of misconduct are without merit. Plaintiff's papers in opposition to defendants' motion to dismiss the complaint and for summary judgment do not contradict the factual statements made by defendants in their motion for summary judgment. Once again, plaintiff has not supported his conclusory accusations with particular facts and has thereby failed to demonstrate that there is a genuine material issue pursuant to Rule 56. The motion for summary judgment on the remaining allegations in plaintiff's complaint regarding misconduct by Meyers is therefore granted.

## WITNESS IMMUNITY

 The plaintiff's complaint also charges three government witnesses and Agent Meyers (in his capacity as a witness) with perjury. Witnesses are absolutely immune in a civil suit for damages for false and/or malicious statements made while testifying in a judicial proceeding (grand jury or trial), as long as the testimony was related to the subject matter of the inquiry. *Sacks v. Stecker*, 60 F.2d 73, 75 (2d Cir. 1932); *Yaselli v. Goff*, 12 F.2d 396, 403 (2d Cir. 1926), *aff'd* 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927); *Brawer v. Horowitz*, 535 F.2d 830, 836–37 (3d Cir. 1976); *Borg v. Boas*, 231 F.2d 788, 794 (9th Cir. 1956). Therefore, all charges against the three government witnesses, Bing Bennett, Esther Armstrong and Lester McGhee will be dismissed and all charges against Agent Meyers concerning perjury by him before the grand jury or at trial will also be dismissed for failure to state a claim upon which relief can be granted.

---

1. Plaintiff actually alleges two separate incidents of illegal search and seizure, one in April of 1975 by Meyers and an unnamed F.B.I. agent and a second in August of 1975 by a student assistant who worked with Assistant United States Attorney Rakoff during the summer of 1975.

Since all of the plaintiff's claims have been either dismissed for failure to state a claim upon which relief can be granted or summary judgment has been granted for defendants, the plaintiff's complaint is dismissed.

SO ORDERED.