Aric BEN–YAKIR, Plaintiff,
v.
GAYLINN ASSOCIATES, INC. and Frederick Gaylinn, Defendants.

No. 80 Civ. 4866 (PNL).

United States District Court,
S. D. New York.

March 23, 1982.

Steven Thaler, New York City, for plaintiff.

Murray I. Sommer, New York City, for defendants.

OPINION AND ORDER

LEVAL, District Judge.

This is an action for monetary damages brought under 42 U.S.C. § 1981 and this court's diversity jurisdiction. Plaintiff is an Israeli citizen, who resides in New York City. Defendant GA Gaylinn Associates, Inc., is a New York corporation doing business in New York City; defendant Frederick Gaylinn, a resident of New Jersey, is president and owner of the corporate defendant and works in New York City. Defendants move for dismissal under Fed.R. Civ.P. 12(b)(6) or, in the alternative, for summary judgment under Fed.R.Civ.P. 56.

*Facts and Allegations*

Plaintiff lawfully entered the United States in November 1977 as a tourist. In

January, after enrolling in a two-year graduate program in computer science, plaintiff changed his status to that of a student. His student visa was renewed in December 1978 or January 1979. Upon the recommendation of his attorneys at the time, plaintiff applied for employment with defendants in March 1978. Plaintiff accepted a job as a computer analyst at an annual salary of $12,000.

Plaintiff alleges that shortly thereafter he completed an application for alien employment certification, and in doing so, he became aware that defendant Gaylinn had executed a Job Offer for Alien Employment form for plaintiff, which stated that plaintiff's wage would be $20,800. Defendants' version is that plaintiff, about one month after starting employment, approached defendant Gaylinn and requested help in changing his alien status. Defendants allege that plaintiff presented defendant Gaylinn with a completed Job Offer for Alien Employment form, which Gaylinn signed in order to assist plaintiff in securing a green card. Later, defendants allege, plaintiff presented defendant Gaylinn with several more documents which he signed. According to defendants, plaintiff's attorneys inserted and paid for a newspaper advertisement in the name of defendant GA Gaylinn Associates, Inc., which sought applicants for a job identical to plaintiff's at a salary of $20,800.

The Department of Labor certified plaintiff's application for a green card on August 10, 1978, and directed him to submit the certification to the district office. Defendants allege plaintiff has admitted that he never obtained his green card or secured permanent residency. Affidavit of Frederick Gaylinn ¶ 18 (quoting Deposition of Plaintiff at 18). Defendants admit that they had agreed to pay plaintiff $20,800 if he obtained a green card. *Id.* ¶¶ 16–19. Plaintiff did receive one salary increase in July 1979 to $16,000 and another in March 1980 to $20,000. Plaintiff alleges that in August 1980, he discovered that the prevailing wage for a person of his qualifications and position in the industry was $30,000. He states that he showed defendant Gay-

linn his labor certificate and Gaylinn's representations to the Department of Labor that he would pay plaintiff $20,800 upon receipt of the certificate. When defendants did not agree to settle plaintiff's salary demands, he resigned effective August 7, 1980.

*Discussion*

### Claim under 42 U.S.C. § 1981

Plaintiff's first cause of action alleges that defendants failed to pay plaintiff "the wages which are paid to citizens of the United States with the same or similar qualifications and experience" and that this failure was based solely on the fact that plaintiff is an alien. This, plaintiff claims, violates 42 U.S.C. § 1981.

Although the Court of Appeals in this Circuit has not spoken on the issue of whether section 1981 prohibits private discrimination based on alienage, this court has decided on several occasions that claims under section 1981 that attack private acts must allege racial discrimination. *Lee v. Bolger*, 454 F.Supp. 226, 232 (S.D.N.Y.1978); *Lofland v. Meyers*, 442 F.Supp. 955, 957 (S.D.N.Y.1977); *Pyles v. Keane*, 418 F.Supp. 269, 271 n.1 (S.D.N.Y.1976). In dictum, the Supreme Court has stated that section 1981 does not cover discrimination on the basis of sex or religion. *Runyon v. McCrary*, 427 U.S. 160, 167, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976) ("[Title] 42 U.S.C. § 1981 is in no way addressed to such categories of selectivity [as encompassed by] . . . the right of a private school to limit its student body to boys, to girls, or to adherents of a particular religious faith . . . .") The application of the section has been denied by this court to claims of sex discrimination, *e.g., Avigliano v. Sumitomo Shoji America, Inc.*, 473 F.Supp. 506, 513 (S.D.N.Y.1979), *aff'd*, 638 F.2d 552 (2d Cir.), *cert. granted*, --- U.S. ----, 102 S.Ct. 501, 71 L.Ed.2d 377 (1981), or of national origin discrimination, *id.* at 514. Although there is dictum in one of this court's decisions that indicates that alienage claims may be actionable under section 1981, *see id.* at 513; *cf. Khawaja v. Wyatt*, 494 F.Supp. 302, 304

(W.D.N.Y.1980) (plaintiff's claim based on national origin with racial factors and not on alienage discrimination), other circuits have decided that section 1981 is directed only at racial discrimination, *e.g., Shah v. Mt. Zion Hospital & Medical Center,* 642 F.2d 268, 272 & n.4 (9th Cir. 1981); *Movement for Opportunity & Equality v. General Motors Corp.,* 622 F.2d 1235, 1250 (7th Cir. 1980) (adopting district court opinion); *Des Vergnes v. Seekonk Water District,* 601 F.2d 9, 13 (1st Cir. 1979) (dictum), *vacated on other grounds,* —— U.S. ——, 102 S.Ct. 81, 70 L.Ed.2d 76 (1981); *Campbell v. Gadsden County District School Board,* 534 F.2d 650, 653 & n.8 (5th Cir. 1976); *see DeGraffenreid v. General Motors Assembly Division,* 558 F.2d 480, 486 & n.2 (8th Cir. 1977) (§ 1981 prohibits race discrimination, not sex discrimination), or at discrimination with strong racial overtones, *Bobo v. ITT, Continental Baking Co.,* 662 F.2d 340, 344 (5th Cir. 1981).

In the only reported case on point, Judge Renfrew of the Northern District of California carefully analyzed the legislative history of section 1981. *De Malherbe v. International Union of Elevator Constructors,* 438 F.Supp. 1121, 1136–42 (N.D.Cal.1977). He found that, although the Enforcement Act of 1870, 16 Stat. 140, was intended to amend the Civil Rights Act of 1866, 14 Stat. 27, to invalidate state actions that denied equal protection of the laws to aliens, 438 F.Supp. at 1140, it was not intended to

protect aliens from private discrimination based on alienage, *id.* at 1142. He concluded that the plaintiff's allegation of private alienage discrimination could not support an action under section 1981.[1] *Id.*

■ Plaintiff offers no convincing arguments to question the validity of these precedents. The cases cited by plaintiff stand for either the proposition that section 1981 prohibits alienage discrimination by a state, *Ramirez v. Sloss,* 615 F.2d 163, 167 n.5 (5th Cir. 1980); *Lopez v. White Plains Housing Authority,* 355 F.Supp. 1016, 1026 (S.D.N.Y.1972); *Mohamed v. Parks,* 352 F.Supp. 518, 521 (D.Mass.1973), or the proposition that the amendment of section 1981 in 1870 extended the section's protection to aliens, *Roberto v. Hartford Fire Insurance Co.,* 177 F.2d 811, 813–14 (7th Cir. 1949) (predecessor of § 1981 permits suit by alien legally in this country under district court's diversity jurisdiction).[2] Plaintiff's reference to *Sugarman v. Dougall,* 413 U.S. 634, 93 S.Ct. 2842, 37 L.Ed.2d 853 (1973) is inapposite; that case was decided under the equal protection clause, not section 1981, and involved state action. In light of the above, I hold that plaintiff's first cause of action must be dismissed for failure to state a claim upon which relief can be granted.[3]

## Other Claims

■ Plaintiff's second through fifth causes of action are based on diversity of citi-

---

1. Aliens have some protection under the equal protection clause from state imposed alienage discrimination. *Graham v. Richardson,* 403 U.S. 365, 372, 377, 91 S.Ct. 1848, 1852, 1855, 29 L.Ed.2d 534 (1971). The Court, however, has recently removed that protection when the state action involves decisions connected with law enforcement functions. *Cabell v. Chavez-Salido,* —— U.S. ——, 102 S.Ct. 735, 739–40, 70 L.Ed.2d 677 (1982). Although the *Graham* Court mentioned section 1981, it did not rely on it as a basis for the action. 403 U.S. at 377, 91 S.Ct. at 1855. The Court in *Cabell* based its analysis entirely on the equal protection clause and did not discuss whether alienage discrimination is actionable under section 1981.

2. Plaintiff fails to distinguish between alienage discrimination and the extension of existing section 1981 protections—against private racial discrimination and against state deprivation of

equal protection—to aliens as well as citizens. *See Takahashi v. Fish & Game Commission,* 334 U.S. 410, 419–20, 68 S.Ct. 1138, 1142–43, 92 L.Ed. 1478 (1948).

3. In the complaint, plaintiff cites "42 U.S.C. § 1981 *et seq.*," Complaint ¶ 13, but his submissions do not base the first cause of action on the other provisions of Title 42. Only sections 1981, 1982, and 1985(3) reach private acts of discrimination. Section 1982 prohibits private discrimination in property transactions. *Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 437, 88 S.Ct. 2186, 2202, 20 L.Ed.2d 1189 (1968). Although section 1985(3) may reach private alienage discrimination, *see Scott v. Moore,* 640 F.2d 708, 719, *reh'g granted,* 656 F.2d 108 (5th Cir. 1981), plaintiff has not alleged any facts that could make out a conspiracy to deprive him of his civil rights.

zenship. 28 U.S.C. § 1332(a)(2) (1976). The second cause of action alleges a misrepresentation of law: defendants misrepresented to plaintiff that, because of his alien status, he was prevented by law from receiving a salary exceeding $12,000. The third cause of action asserts that defendants obtained plaintiff's services without paying reasonable compensation. The fourth cause of action alleges that defendants "engaged in a course of conduct which was willful with the intent to exploit and to deceive in total disregard of the rights of plaintiff and in total disregard of the employment law of the United States of America." The fifth cause of action seeks attorneys fees.

These causes of action, which are vague and refer back repeatedly to alleged violations of section 1981, fail to state claims upon which relief may be granted. Moreover, plaintiff's counsel has failed to respond to defendants' motion to dismiss these four claims.

The motion to dismiss is granted. The clerk is directed to enter judgment for the defendants.