John H. CRISP

v.

CITY OF ALCOA, TENNESSEE, City of Maryville, Tennessee, Blount County, Tennessee, Larry Johnson and R.L. Kidd.

Civ. No. 3–82–564.

United States District Court, E.D. Tennessee, N.D.

March 29, 1983.

Norbert J. Slovis, Knoxville, Tenn., for plaintiff.

Joe Nicholson, Maryville, Tenn., Frank Q. Vettori, Robert H. Watson, Jr., Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

John H. Crisp, plaintiff, filed this action alleging violations of his civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment to the Constitution of the United States. He claims that Larry Johnson, while conducting an undercover narcotics investigation for the City of Alcoa and City of Maryville Police Departments, and the Blount County Sheriff's Department, caused warrants to issue for his arrest. He further alleged in his complaint that Johnson and defendant, R.L. Kidd, gave false, erroneous, or misleading testimony to the Blount County Grand Jury. During the trial, plaintiff's counsel stated that he no longer claims that such testimony was given. The Grand Jury returned two true bills for "John Doe, alias". Plaintiff was allegedly arrested on these "John Doe" charges.

■ Plaintiff seeks to hold the cities and Blount County liable on the theory that they allowed the individual defendants to go "unsupervised, unpunished, and unreprimanded" in violation of his civil rights. In the opinion of the Court, there is no testimony in the record on which Maryville, Alcoa, or Blount County can be held. The record contains no evidence that plaintiff's civil rights were deprived by the execution of an official custom or policy of the cities or county. *Monnell v. New York Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Furthermore, there is no proof of a complete failure to train the law enforcement officers or training that was so reckless or grossly negligent that misconduct was almost inevitable or substantially certain to result. *Hays v. Jefferson County,* 668 F.2d 869, 874 (6th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 75, 74 L.Ed.2d 73 (1983).

Likewise, the record is lacking in any evidence that R.L. Kidd took any action that deprived plaintiff of his civil rights. Plaintiff concedes that Kidd did not testify before the Grand Jury, as first alleged.

■ Defendant Johnson, according to the testimony, was the undercover agent primarily involved in the narcotics investigation that led to plaintiff's arrest. Evidently only Johnson testified before the Grand Jury concerning the investigation. In this regard, the United States Supreme Court recently held that government officials who testify during a criminal trial about the performance of their official duties are absolutely immune from liability under 42 U.S.C. § 1983. *See Briscoe v. Lahue,* —— U.S. ——, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983). In *Briscoe,* Justice Stevens stated as follows:

> This case presents a question of statutory construction: whether 42 U.S.C. § 1983 authorizes a convicted person to assert a claim for damages against a police officer for giving perjured testimony at his criminal trial. The Court of Appeals for the Seventh Circuit held that witnesses are absolutely immune from damages liability based on their testimony and rejected the petitioners' contention that government officials who testify about the performance of their official duties may be held liable under 1983 even if other wit-

nesses may not. We agree with that conclusion.

*Id.* The Supreme Court specifically declined to decide whether an officer is entitled to immunity for testimony given during pretrial proceedings. *Id.* —— U.S. at —— n. 5, 103 S.Ct. at 1112 n. 5, 75 L.Ed.2d at 103–04 n. 5. It appears, however, that the lower courts in *Briscoe* considered their immunity rulings to include testimony given during pretrial proceedings. *See Briscoe v. Lahue,* 663 F.2d 713 (7th Cir.1981); *see also* —— U.S. at ——, n. 10, 103 S.Ct. at 1113, n. 10, 75 L.Ed.2d at 105, n. 10, (Marshall, J., dissenting). Other lower courts have also recognized an absolute witness immunity for testimony given during pretrial judicial proceedings. *See Yaselli v. Goff,* 12 F.2d 396, 403 (2nd Cir.1926), *aff'd* 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927); *Myers v. Bull,* 599 F.2d 863, 866 (8th Cir.1979), *cert. denied,* 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138; *Borg v. Boas,* 231 F.2d 788, (9th Cir.1956); *Lofland v. Meyers,* 442 F.Supp. 955, at 959 (S.D.N.Y.1977). The *Briscoe* majority itself speaks broadly in terms of "witness" immunity. The Court concludes that the rationale announced in *Briscoe* controls here as well. There can be no liability against defendant Johnson for damages allegedly caused by his testimony because of the absolute witness immunity.

The Court is further convinced that plaintiff has failed to make out a prima facie case that defendant Johnson deprived plaintiff of his civil rights. The evidence connecting Johnson's undercover activities with plaintiff's arrest as a "John Doe" is nonexistent or limited, at best. Any evidence is insufficient to prove proximate cause. Accordingly the case must be dismissed as to this defendant.

For the foregoing reasons, it is ORDERED that defendants' motions for a directed verdict be, and the same hereby are, granted.

Order Accordingly.